His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
Plaintiff sues the Public - Belt Railroad Commission and the City of New Orleans for $727.50 for damages resulting from a collision between its four mule dray and a railroad engine operated by the Public Belt Railroad Commission over- the Public Belt tracks of the City of New Orleans. There was judgment for plaintiff against the defendants in solido for $620.00 and the latter both appeal.
. We'entertain no doubt as to plaintiff’s right of recovery. Owing to the view being masked or obscured by defendant’s parking of cars on .an adjoining track, the approach of the head-mules must or should have been *286 perceived by the crew of the engine long before the driver of the dray could have observed the presence of the engine, which, according to the testimony of every disinterested witness, corroborated by the established physical facts, was traveling at a high rate of speed and without sounding any whistle or other warning. The dangerous nature of the crossing, unguarded and unflagged; demanded that the engine be kept under control and its crew be alert — but apparently the opposite course was pursued in this instance. It is not possible that the engine was traveling at the slow rate of speed that defendant claims, for in that event it could have been stopped in ample time to avert the collision.
But the City of New Orleans alone can be held accountable, for the Public Belt Railroad 'Commission is but the City itself administering and operating its own properly through its designated officials. It is not in itself a corporation, nor an entity separate or distinct from the corporation of the City of New Orleans, but on the contrary merely an official agency erected by the latter and possessing no corporate existence or functions. It is true that this designated agency has received legislative recognition, Act 159 of 1912, but this is clearly not the equivalent of the acknowledgment or endowment of corporate capacity.
The record shows that two mules were killed, but there is no evidence at all to support the allowance of $100 damages for the alleged injury to a third mule. The ¡judgment must therefore be reduced.
It is accordingly decreed that the judgment be set aside and reversed and plaintiff’s suit be dismissed at its costs-in both Courts in so far only as the Public Belt Railroad Commission is concerned; and it is further decreed that *287 the judgment against the City of New Orleans be amended by reducing the principal amount thereof from $620 to $520, the plaintiff paying the costs of .appeal and the said defendant the costs of the trial Court with respect to said demand. In all other respects the judgment is affirmed.
Opinion and decree, April 10th, 1916.
Amended.